1  STAN S. MALLISON (Bar No. 184191)
      StanM@TheMMLawFirm.com
2  HECTOR R. MARTINEZ (Bar No. 206336)
      HectorM@TheMMLawFirm.com
3  MARCO A. PALAU (Bar No. 242340)
      MPalau@TheMMLawFirm.com
4  JESSICA JUAREZ (Bar No. 269600)
      JJuarez@ TheMMLawFirm.com
5  MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
6  Oakland, California  94612-3547
   Telephone: (510) 832-9999
7  Facsimile:  (510) 832-1101

8  Attorneys for Plaintiff JULIE CARLSON

9

10                 UNITED STATES DISTRICT COURT

11        NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

12

13

14  JULIE CARLSON, on behalf of herself and all     Case No.  3:10-cv-03914-BZ
    others similarly situated,
15                                                   **SECOND AMENDED CLASS ACTION**
              Plaintiff,                             **COMPLAINT FOR:**
16
       vs.                                              1.  Failure to Pay Federal Overtime
17                                                          Wages, FLSA, 29 U.S.C. §§ 207 *et*
                                                            *seq.*;
18  ANKA BEHAVIORAL HEALTH, INC., a
    California Corporation,                             2.  Failure to Pay State Overtime Wages,
19                                                          Cal. Labor Code §§ 510, 1194, 1194.2
              Defendant.                                    & Wage Orders;
20
                                                        3.  Failure to Provide Itemized Wage
21                                                          Statements, Cal. Labor Code § 226 et
                                                            seq. & Wage Orders;
22                                                      4.  Waiting Time Penalties or Wages, Cal.
                                                            Labor Code §§ 201, 202 and 203.
23
                                                        5.  Violation of Unfair Competition Law,
24                                                          Cal. Bus. & Prof. Code §§ 17200 *et*
                                                            *seq.*
25
                                                        6.  California Labor Code Private
26                                                          Attorneys General Act (PAGA)
                                                     DEMAND FOR JURY TRIAL
27
            1.     PLAINTIFF JULIE CARLSON ("CARLSON" or "PLAINTIFF") brings this class
28
    action against ANKA BEHAVIORAL HEALTH, INC., and its subsidiaries, partners, parent

companies and agents (hereafter "CARLSON" or "DEFENDANT"). This class action is brought on behalf of all non-exempt employees who were not paid in accordance with federal and California law.

2.     The allegations below are made upon PLAINTIFF'S personal knowledge, except those allegations made upon information and belief, which are based upon the investigation of his counsel.

3.     Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## I.     NATURE OF THE ACTION

4.     This is a wage and hour class action to vindicate the rights afforded employees by federal and California law.

5.     This action revolves around the systematic failure by ANKA to pay its California non-exempt employees, including PLAINTIFF and the Class, in conformance with federal and California law. The core violations alleged herein are: (1) failure to pay all overtime wages owed; (2) failure to provide accurate itemized wage statements; and (3) failure to keep accurate time and payroll records.

6.     ANKA has knowingly and intentionally refused to pay PLAINTIFF and Class members the wages owed and due to them under the express provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the California Labor Code, Cal. Labor Code §§ 200 *et seq.*, subjecting ANKA to this class action for wages, damages, penalties, restitution, injunctive and other relief.

7.     Pursuant to California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, PLAINTIFF, for herself and the Class, seeks injunctive relief requiring DEFENDANTS to comply henceforth with all applicable laws and regulations governing hours and wages, and enjoining DEFENDANT from engaging in the unlawful and unfair wage-and-hour practices that characterize its business in California. PLAINTIFF also seeks restitution and

- 2 -

declaratory relief enumerating DEFENDANT'S violations so that the DEFENDANT and the general public will have clarity and guidance with regards to future employment practices.

8.      Pursuant to California's Private Attorneys General Act (PAGA), Cal. Labor Code §§ 2698 *et seq.*, PLAINTIFF brings this action against DEFENDANT as an agent or proxy of the State of California to enforce the State's labor laws and collect penalties on behalf of the State and DEFENDANT'S current and former employees. PLAINTIFF may act in this representative capacity under PAGA without having to satisfy class certification requirements. *Arias v. Sup. Ct.* (2009) 46 Cal.4th 969. Further, under PAGA and Labor Code § 558 any person who causes a violation of California's labor provisions is liable for penalties and wages. Plaintiffs have completed the administrative requirements under PAGA by serving a notice upon the State of California and Defendants on February 17, 2011 and no response was received from the State of California indicating that the State of California intended to pursue these claims within the 33 day statutory period.

## II.      PARTIES

1.      Plaintiff JULIE CARLSON is an individual residing in Contra Costa County. She was employed as a non-exempt employee by ANKA in Contra Costa County during the Class Period. CARLSON has been employed in commerce by DEFENDANT within the meaning of 29 U.S.C. §203, and is, or at all relevant times has been, employed in DEFENDANT'S business operations within the meaning of 29 U.S.C. § 203(g). CARLSON is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein, has suffered injury in fact, and has lost money or property as a result. CARLSON is an aggrieved employee, has suffered injury in fact and has lost money or property as a result of DEFENDANTS' unlawful and unfair practices.

2.      The following allegations as to DEFENDANT are made on information and belief,

and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

3.     On information and belief, Defendant ANKA BEHAVIORAL HEALTH, INC. is a California corporation that operates numerous mental health rehabilitation facilities throughout California. ANKA employed PLAINTIFF and the Class of non-exempt employees she seeks to represent. The corporate address for ANKA according to information lodged with the California Secretary of State is P.O. Box 315, Concord, CA 94522. The name and address of ANKA'S agent for service of process is Rebecca Hardberger, 1850 Gateway Boulevard, Suite 900, Concord, CA 94520 On information and belief, ANKA owns and operates mental health rehabilitation facilities in numerous Counties throughout California, including but not limited to Alameda, Contra Costa, Mendocino, Placer, Sacramento, San Joaquin, Solano, Fresno, Los Angeles, Riverside, San Bernardino, San Diego, Ventura and others.

4.     At all relevant times to this action, ANKA has been an enterprise that has employed PLAINTIFF and the Class within the meaning of 29 U.S.C. § 203 and California law. On information and belief, ANKA engages in sufficient interstate commerce to justify jurisdiction pursuant to FLSA by, for example, engaging in gross volume of sales or business done in excess of $500,000 (exclusive of excise taxes at the retail level that are separately stated), and employing PLAINTIFF and the Class to handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

5.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANT and its agents, employees, coconspirators, business affiliates, subsidiaries, parent entities, owners and/or joint venturers each violated the laws alleged herein and/or caused the alleged violations by acting on behalf of DEFENDANT, and that each is responsible in some manner for the occurrences herein alleged.

## III.     JURISDICTION AND VENUE

6.     This Court has federal question subject matter jurisdiction over this class action

- 4 -

pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. §§216(b).

7.    This Court also has supplemental jurisdiction over the California state-law claims pursuant to 28 U.S.C. §1367 because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution and arise from a common nucleus of facts.  This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

8.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391, because this District is the district in which at least one of the Defendants resides and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

INTRADISTRICT ASSIGNMENT

9.    This case is properly assigned to the Oakland Division of this Court because a substantial part of the events or omissions which give rise to this action occurred in Contra Costa County.  Local Rule 3-2(c)&(d).

IV.    FACTUAL ALLEGATIONS

10.    The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that is a characteristic of the labor system utilized by DEFENDANT, where unpaid and improperly paid labor, as alleged herein, is a common business practice, and where the employer externalizes the cost of business expenditures upon DEFENDANT'S employees. DEFENDANT'S actions in this case demonstrate a systematic disregard for the rights afforded to PLAINTIFF and the Class under federal and California wage and hour law. The following paragraphs detail specific violations of law giving rise to this action.

11.    For at least four years prior to the filing of this action and through to the present (liability period for the UCL cause of action), DEFENDANT maintained and enforced against PLAINTIFF and the Class unlawful practices and policies in violation of federal and California wage and hour law, including but not limited to:

a.    failing to compensate Class members, including PLAINTIFF, for all overtime

- 5 -

hours worked by, among other things, improperly recording or failing to record hours worked, paying an amount below the statutory minimum, or paying by other arbitrary measures; resulting in unpaid overtime wages in violation of federal and California law and policy;

b.  failing to provide accurate itemized wage statements to Class members, including PLAINTIFF, in violation of California law;

c.  failing to maintain accurate time records for Class members, including PLAINTIFF, in violation of California law;

d.  failing to properly pay Class members, including PLAINTIFF, time and a half for overtime hours worked pursuant to California Labor Code provisions and Industrial Welfare Commission Wage Orders;

e.  maintaining an unlawful payroll policy whereby DEFENDANT failed to pay PLAINTIFF and Class members premium wages overtime hours worked in violation of California law.

12.   On information and belief, DEFENDANT was on notice of the improprieties alleged and/or has intentionally, deliberately, and willfully carried out these unlawful and unfair business practices.

13.   DEFENDANT has made it difficult to account with precision for the unlawfully withheld wages due to PLAINTIFF and the Class during all relevant times herein, because DEFENDANT did not fully implement and utilize a record-keeping system to accurately record and report all hours worked, wages earned and applicable pay rates, among other things by ANKA employees, as required for non-exempt employees by California Labor Code §§ 226 and 1174(d), and Industrial Welfare Commission Wage Orders.

14.   PLAINTIFF and the Class bring this action pursuant to the FLSA, California Labor Code and IWC wage orders, seeking unpaid overtime wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and costs of suit.

- 6 -

15.     PLAINTIFF and the Class, pursuant to the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 et seq., seek injunctive relief, declaratory relief, restitution, and restitutionary disgorgement of all wages earned by PLAINTIFF and the CLASS but retained by DEFENDANT as a result of its failure to comply with the above laws. PLAINTIFF and the Class are also entitled to attorneys' fees, costs and interest pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5.

## V.     CLASS ACTION ALLEGATIONS

16.     PLAINTIFF brings this action on behalf of herself and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. PLAINTIFF seeks to represent the following "Class" composed of and defined as follows:

> **CALIFORNIA ANKA WORKERS**: All non-exempt persons who are or have been employed by DEFENDANT in the State of California and who, within four (4) years of the filing of this Complaint, have worked as hourly and/or piece-rate employees.

17.     PLAINTIFF reserves the right to amend or modify the class description with greater specificity to further divide into subclasses or to limit to particular issues. PLAINTIFF also seeks to represent the following opt-in FLSA "Class":

> **CALIFORNIA ANKA FLSA CLASS**: All non-exempt persons who are or have been employed by DEFENDANT in the State of California and who, within three (3) years of the filing of this Complaint, have worked as hourly and/or piece-rate employees.

18.     This action has been brought and may properly be maintained as a class action under the provisions of Federal Rule of Civil Procedure 23, because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable by means of DEFENDANT'S records.

### A.     Numerosity

19.     The potential members of the Class are so numerous that joinder of all the members

of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, PLAINTIFF is informed and believes that the Class contains well over 100 workers and could consist of several hundred workers spread across the State of California in more than a dozen counties. Joinder of all members of the proposed Class is impracticable.  Upon information and belief, PLAINTIFF alleges that DEFENDANT'S employment records would provide information as to the number and location of all Class Members.

### B.    Commonality & Predominance

20.    There are questions of law and fact common to the Class, and the common questions predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a) Whether DEFENDANTS failed to pay premium (overtime and double-time) wages for hours worked in excess of 8 hours in one day, 40 hours in a workweek, and on the seventh day of a workweek;

b) Whether DEFENDANT failed to provide accurate itemized wage statements;

c) Whether DEFENDANT failed to implement and utilize time-keeping systems and/or to maintain accurate time records;

d) Whether DEFENDANT violated the California Labor Code and wage orders by willfully refusing to pay all wages due;

e) Whether DEFENDANT committed unlawful business practices in violation of §§ 17200 et seq. of the Business and Professions Code by engaging in the above practices and other violations of the California Labor Code;

f) Whether DEFENDANT committed unfair business practices in violation of §§ 17200 et seq. of the Business and Professions Code by violating the public policies underlying the California Labor Code and/or wage orders;

g) Whether PLAINTIFF and the other Class members are entitled to damages, restitution, statutory penalties, injunctive and declaratory relief, punitive damages, attorney's fees and costs, and other relief pursuant to the FLSA, California Labor Code and wage orders,

- 8 -

contractual causes of action, and Business and Professions Code §§ 17200 et seq.;

h) Whether DEFENDANT maintained an unlawful wage, hour and payroll policies by refusing to pay overtime premium wages; and

i) Whether DEFENDANT maintained unlawful wage, hour and payroll policies.

### C. Typicality

21.     Named PLAINTIFF'S claims are typical of those of the Class. PLAINTIFF and all Class members sustained injuries and damages arising out of and caused by DEFENDANT'S common course of conduct in violation of California and federal laws, regulations, and statutes' as alleged herein.

### D. Adequacy of Representation

22.     PLAINTIFF will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represent PLAINTIFF are competent and experienced in litigating wage and hour class actions.

### E. Superiority of Class Action

23.     A class action is superior to other available means for the fair and efficient adjudication of the causes of action set forth herein. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of DEFENDANT'S unlawful policy and/or practice of failing to compensate Class members for all wages earned and due, and engaging in the other unlawful practices complained of herein.

24.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system, rather than bringing hundreds of identical individual claims throughout the State, given that DEFENDANT employs Class members in over a dozen California counties under the same unlawful wage, hour and payroll policies alleged herein. PLAINTIFF is unaware of any difficulties

- 9 -

likely to be encountered in the management of this lawsuit that would preclude its maintenance as a class action.

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM

Failure to Pay Federal Overtime Wages
(Violation of the Fair Labor Standards Act, 29 U.S.C. §207)

25.   PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

26.   DEFENDANT intentionally violated the rights of PLAINTIFF and the Class under FLSA, 29 U.S.C. § 207(a), by failing to pay overtime wages at a rate not less than one and one-half times for all hours after forty hours in any given workweek during their employment with DEFENDANT.

27.   The violations of FLSA resulted from DEFENDANT'S following pay practices: (1) paying PLAINTIFF and the Class on some basis other than for the actual hours worked; (2) requiring PLAINTIFF and the Class to work off the clock; and/or (3) failing to record accurately all hours worked. As a result of these pay practices, DEFENDANT failed to compensate PLAINTIFF and the Class for all time worked or failed to compensate them at the appropriate premium rate (one and one-half times the regular rate of compensation) for hours worked in excess of forty in a workweek, in violation of 29 U.S.C. § 207(a).

28.   As a result of the FLSA violations described in this claim, PLAINTIFF and the Class are entitled to recover the amount of their unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorneys fees and costs to be paid by DEFENDANT pursuant to 29 U.S.C. § 216(b).

29.   PLAINTIFF brings this claim for relief pursuant to the collective action rules under 29 U.S.C. § 216(b). For purposes of this claim for relief only, PLAINTIFF attaches to this complaint a FLSA consent form.

30.   WHEREFORE, PLAINTIFF and the Class request relief as described herein and

- 10 -

below.

## SECOND CLAIM

Failure to Pay California Overtime Wages
(Violation of Labor Code §§ 510, 1194, 1194.2 & Wage Orders)

31.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

32.    Labor Code § 510(a) establishes the eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one day or forty (40) hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay. The identical provision is found in the applicable Wage Orders, which are authorized under California Labor Code § 1185.

33.    As described herein, DEFENDANT violated California Labor Code § 510 and the by employing PLAINTIFF and the Class in excess of eight (8) hours in one day and forty (40) hours in a workweek without paying the required overtime rate.  PLAINTIFF and the Class may enforce these provisions pursuant to Labor Code §1194(a) and Business and Professions Code §§17200 et seq.  California Labor Code §1194(a) states: Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.  As a result, PLAINTIFF and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees and costs of suit.

34.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and below.

## THIRD CLAIM

Failure to Provide Itemized Wage Statements
(Violation of Labor Code §§ 226, 226.6 & Wage Orders)

35.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

- 11 -

California Labor Code Section 226(a) states that: [e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

36.    DEFENDANT has failed to provide PLAINTIFF and, on information and belief, Class members accurate itemized wage statements that include the gross wages earned, total hours worked, piece rates if any, all deductions, net wages earned, pay period dates, name of employee, name address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period, as mandated by Labor Code § 226 and the applicable Wage Orders.

37.    As a result of DEFENDANT'S violations of the overtime statutes, DEFENDANT violated California Labor Code §226(a), inaccurately stating gross wages earned, total hours

1   worked, deductions, net wages and other issues as described above.

2          38.    By knowingly and intentionally failing to provide PLAINTIFF and Class members

3   itemized wage statements in conformance with Labor Code § 226, DEFENDANT has violated

4   Labor Code § 226.6, which is a misdemeanor punishable by fine and/or prison.

5          39.    California Labor Code §226.6 states:

6          Any employer who knowingly and intentionally violates the provisions of
           Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other
7          person who has the control, receipt, custody, or disposal of, or pays, the
           wages due any employee, and who knowingly and intentionally participates
8          or aids in the violation of any provision of Section 226 or 226.2 is guilty of a
           misdemeanor and, upon conviction thereof, shall be fined not more than one
9          thousand dollars ($1,000) or be imprisoned not to exceed one year, or both,
           at the discretion of the court.  That fine or imprisonment, or both, shall be in
10         addition to any other penalty provided by law.
11

12         40.    DEFENDANT has the ability to provide PLAINTIFF and the Class itemized wage

13  statements mandated by Labor Code § 226, but has knowingly and intentionally refused to do so,

14  in violation of Labor Code § 226.6.

15         41.    DEFENDANT has the ability to pay all wages due for all time worked, but has

16  willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness

17  to PLAINTIFF and the Class, and intending to annoy harass, oppress, hinder delay or defraud

18  PLAINTIFF and the Class, in violation of California Labor Code §226.6.

19         42.    DEFENDANT'S violation of § 226 also constitutes a predicate violation of

20  California Business & Profession Code §§ 17200 et seq.

21         43.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and

22  below.

23

24                                **FOURTH CLAIM**

25                            Waiting Time Penalties or Wages
                      (Violation of Cal. Labor Code §§ 201, 202 and 203)
26

27         44.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

28

                                        - 13 -

45.     DEFENDANT forced non-exempt employees within the State of California, including PLAINTIFF, to work without the required compensation by, among other things, failing to pay for all overtime premium wages earned and thus violating State and federal overtime laws.

46.     California Labor Code Section 201 states:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately...

47.     California Labor Code Section 202(a) states:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

48.     As described above, DEFENDANT failed to timely pay PLAINTIFF and the Class all of their wages due and this failure continued through the time in which PLAINTIFF and members of the Class quit or were discharged from their employment with DEFENDANT. As a result, DEFENDANT has violated California Labor Codes §§201 and 202.

49.     California Labor Code §203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

50.     The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code §17208. As noted above, DEFENDANT violated California Labor code §§201 and 202 by failing to pay employees who quit or were discharged all

- 14 -

1  of the wages due pursuant to the timelines provided in those sections. DEFENDANT willfully

2  failed to pay all wages due as the failure to pay was not inadvertent or accidental.

3      51.   PLAINTIFF and the Class she seeks to represent are entitled to compensation for all

4  forms of wages earned, including, but not limited to, overtime premium wages earned, but to date

5  have not received such compensation therefore entitling them to Labor Code § 203 penalties.

6      52.   PLAINTIFF has left DEFENDANT'S employ and, on information and belief, many

7  Class members have left DEFENDANT'S employ, but neither PLAINTIFF nor Class members

8  have received payment as required under Labor Code §§ 201, 202 and 203.

9      53.   WHEREFORE, PLAINTIFF and the Class she seeks to represent are entitled to

10 Labor Code § 203 penalties or wages in amounts to be determined at trial.

11

12                              **FIFTH CLAIM**

13                    Violation of Unfair Competition Law
                  (California Business & Professions Code §§ 17200 *et seq.*)
14

15      54.   PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

16      55.   On information and belief, and at all times relevant, PLAINTIFF further alleges that

17 DEFENDANT, by and through their policies and practices, engaged in unlawful activity prohibited

18 by Business and Professions Code §§ 17200 et seq., including the following: failure to compensate

19 PLAINTIFF and the Class at the appropriate premium overtime wage for all hours worked, i.e.,

20 DEFENDANTS failed to account for overtime hours or to pay overtime premium wages of one-

21 and-one-half (1 ½) the regular rate of pay for work in excess of eight (8) hours in one day, forty

22 (40) hours in one week or on the seventh (7th) consecutive day of work; and failed to pay double-

23 time premium wages for all hours worked in excess of twelve (12) hours in one day and in excess

24 of eight (8) hours on the seventh (7th) consecutive day of work, in violation of §§510, 1194 and the

25 applicable Wage Orders; and failure to provide accurate itemized wage statements to PLAINTIFF

26 and the Class, as mandated by Labor Code § 226 and the applicable Wage Orders.

27      56.   DEFENDANT'S actions as alleged herein constitute false, fraudulent, unlawful,

28

unfair, and deceptive business practices, within the meaning of Business and Professions Code §§ 17200 et seq.  PLAINTIFF and, on information and belief, the Class she seeks to represent, have suffered injury in fact and have lost money or property as a result of such unfair competition.

57.    PLAINTIFF and the Class are entitled to an injunction and other equitable relief against such unlawful practices to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

58.    As a result of its unlawful acts, DEFENDANT has reaped and continues to reap unfair benefits and unlawful profits at the expense of PLAINTIFF and the Class. DEFENDANT should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to PLAINTIFF and Class members the wrongfully withheld wages, pursuant to Business and Professions Code § 17203 and the penalties provision of § 17202.

59.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT has been and continues to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. PLAINTIFF is further informed and believes, and thereon alleges, that PLAINTIFF and Class members are prejudiced by DEFENDANT'S unfair trade practices.

60.    As a direct and proximate result of DEFENDANT'S unfair business practices, PLAINTIFF, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFF and the Class as a result of the business acts and practices described herein, and enjoinment of DEFENDANT to cease and desist from engaging in the practices described herein.

61.    As a direct and proximate result of DEFENDANT'S unfair business practices, PLAINTIFF and all Class members are entitled, in accordance with Business and Professions Code § 17202, to enforcement of penalties resulting from the business acts and practices described herein, and entitled to enjoinment of DEFENDANT to cease and desist from engaging in the practices described herein.

- 16 -

62. On information and belief, the unlawful conduct alleged herein is continuing, and there is no indication that DEFENDANT will cease such activity into the future. PLAINTIFF alleges that if DEFENDANT is not enjoined from the conduct set forth in this Complaint, they will continue their practice of failing to properly compensate non-exempt employees for all premium overtime wages owed; and provide accurate wage statements.

63. WHEREFORE, PLAINTIFF and the Class request relief as described herein and below and as deemed just and proper by this Court.

**SIXTH CLAIM**
*The Labor Code Private Attorneys General Act*
(Labor Code, §§2698, *et seq.*)

**VIOLATIONS OF LABOR CODE PRIVATE ATTORNEY GENERAL ACT**

64. PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

65. PLAINTIFF submits this Amended Complaint to include allegations pursuant to Labor Code §§ 2699 et seq. (The Private Attorneys General Act). Labor Code § 2699.3(a)(2)(C) provides that, notwithstanding any other provision of law, plaintiffs may as a matter of right amend an existing complaint to add a cause of action arising under §§ 2699 et seq. As described above, PLAINTIFF has complied with all of their administrative requirements.

66. PLAINTIFF submits this Amended Complaint to include allegations pursuant to Labor Code §§ 2699 et seq. (The Private Attorneys General Act) and particular to include violations of those provisions listed under §2699.5. Labor Code § 2699.3(a)(2)(C) provides that, notwithstanding any other provision of law, plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under §§ 2699 et seq.

67. PLAINTIFF is an aggrieved employee as defined in Labor Code §2699(a). They bring this cause on behalf of themselves and other current or former employees affected by the labor law violations alleged in this complaint.

68. Labor Code § 2699(f) provides:

For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation,

- 17 -

the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

Plaintiffs seek civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that any violation alleged herein does not carry a penalty, PLAINTIFFS seek civil penalties pursuant to Labor Code § 2699(f) for PLAINTIFF and other current or former employees for violations of those sections.

69.     PLAINTIFF seeks penalties on behalf of themselves, other aggrieved employees, and the State, as provided by Labor Code § 2699(i).

70.     DEFENDANT is liable to PLAINTIFF, and "other current or former employees and the state" for the civil penalties permitted by this complaint set forth in this Amended Complaint. PLAINTIFF is also entitled to an award of attorneys' fees and costs as set forth below.

71.     PLAINTIFF'S PAGA claim does not require Class Certification because these claims are held by the named plaintiffs in this action. Both the language of PAGA and the express intent of the Legislature indicate that an aggrieved employee may bring an action on behalf of other employees without complying with the requirements of a class action. Labor Code Section 2699 specifically states that an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any other provision of law..." The wording of the PAGA, which authorizes an aggrieved employee to bring an action "on behalf of himself or herself and other current or former employees... [,]" is similar to the form wording of Business and Professions Code Section 17204, which authorized a person to bring an action "acting for the interests of itself, its members or the general public."... The Legislature has made clear that an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as a Private Attorneys General to collect penalties from employers who violate labor laws. Such an action is fundamentally a law enforcement action designed to protect the public and penalize the defendant for past illegal conduct. Restitution is not the primary object of a PAGA action an action under the PAGA is not for the purpose of recovering damages, but only for the recovery of a civil penalty. It

- 18 -

1   does not preclude an employee from pursuing any other claim he may have available under law.

2       72.     As such, PLAINTIFF individually holds a substantive right to bring all PAGA

3   claims by standing in the shoes of, and on behalf of, the State of California.  PLAINTIFF has

4   standing to bring a PAGA claim to recover civil penalties by standing in the shoes of, and on

5   behalf of, the State of California.

6       73.     The PAGA claims are also brought against DEFENDANT pursuant to provisions of

7   the labor code, including §558, which permits liability of persons who violate or cause to be

8   violated Labor Code and IWC regulations.

9

10                          VII.    PRAYER

11  WHEREFORE, PLAINTIFF prays for judgment as follows:

12      A.      That the Court determine that this action may be maintained as a class action;

13      B.      For the attorneys appearing on the above caption to be named class counsel;

14      C.      For compensatory damages in an amount according to proof with interest thereon;

15      D.      For economic and/or special damages in an amount according to proof with interest

16  thereon;

17      E.      That DEFENDANT be found to have engaged in unfair competition in violation of

18  California Business and Professions Code §§ 17200 *et seq.*;

19      F.      That DEFENDANT be ordered and enjoined to make restitution to PLAINTIFF and

20  the Class due to their unfair competition, including disgorgement of their wrongfully-obtained

21  revenues, earnings, profits, wages, compensation and benefits pursuant to California Business and

22  Professions Code §§ 17203 & 17204;

23      G.      That DEFENDANT be ordered and enjoined to pay all applicable penalties to

24  PLAINTIFF and the Plaintiff Class due to their unfair competition pursuant to California Business

25  and Professions Code § 17202;

26      H.      That DEFENDANT be enjoined from continuing the unlawful course of conduct,

27  alleged herein;

28

- 19 -

I.      That DEFENDANT further be enjoined to cease and desist from unfair competition in violation of the California Business and Professions Code §§ 17200 *et seq.*;

J.      That DEFENDANT be enjoined from further acts of restraint of trade or unfair competition;

K.      For payment of overtime wages, pursuant to 29 U.S.C. § 207 and Labor Code §§ 510, 1194, 1194.2 & Wage Orders, and liquidated damages pursuant to 29 U.S.C. § 216(b);

L.      For interests, attorneys' fees and cost of suit under 29 U.S.C. § 216(b) and Code of Civil Procedure § 2802, 1194, 1021.5 and 2698 et seq.;

M.      For an order imposing an asset freeze in constructive trust of DEFENDANTS' ill-gotten gains, and enjoining DEFENDANT from failing and refusing to disgorge all monies acquired by means of any act or practice declared by this Court to constitute unlawful, unfair or fraudulent acts or practices;

N.      That DEFENDANT be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Labor Code sections and Industrial Welfare Commission Wage Orders related to payment of wages;

O.      For wages or penalties;

P.      For such other and further relief as the Court deems just and proper;

Q.      For such other and further relief as the Court deems just and proper pursuant to the procedures detailed in Labor Code § 2698 et seq.;

R.      For all provisions of the Labor code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

S.      For all provisions of the Labor code violated as described above for which a civil penalty is specifically provided, civil penalties for each aggrieved employee as specifically provided by statute; and

T.      Pursuant to the procedures detailed in Labor Code § 2698 et seq., amounts sufficient to recover underpaid wages.

- 20 -

1

2                          **DEMAND FOR JURY TRIAL**

3       PLAINTIFF hereby demands trial of her claims by jury to the extent authorized by law.

4

5       Respectfully Submitted,

6
        Dated:  April 13, 2011
7
                                    By:   /s/ Stan Mallison
8
                                          Stan S. Mallison
9                                         Héctor R. Martínez
                                          Marco A. Palau
10                                        Jessica Juarez
                                          Attorneys for Plaintiff JULIE CARLSON, on behalf
11                                        of herself and for the benefit of all other similarly
                                          situated individuals employed by DEFENDANT
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        - 21 -