1  STAN S. MALLISON (Bar No. 184191)
   HECTOR R. MARTINEZ (Bar No. 206336)
2  MARCO A. PALAU (Bar No. 242340)
   JESSICA JUAREZ (Bar No. 269600)
3  JOSEPH SUTTON (Bar No. 269951)
   MALLISON & MARTINEZ
4  1939 Harrison Street, Suite 730
   Oakland, California 94612-3547
5  Telephone: (510) 832-9999
   Facsimile: (510) 832-1101
6

7  Attorneys for Plaintiff JULIE CARLSON

8  CHARLES THOMPSON (Bar No. 139841)
   NICOLE BOLSON (Bar No. 226733)
9  SANDRA K. MCINTYRE (Bar No. 206417
   LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
10 1 Sansome Street, Suite 1400
   San Francisco, CA 94104
11 Telephone: (415) 438-5917
   Facsimile: (415) 434-0882
12

13 Attorneys for Defendant, ANKA BEHAVIORAL HEALTH, INC.

14

15                    UNITED STATES DISTRICT COURT

16         NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

17

| | |
|---|---|
| JULIE CARLSON, on behalf of herself and all others similarly situated, ) ) ) | Case No. 3:10-cv-03914-TEH |
| Plaintiff, ) ) | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. ) ) ) | Date: June 20, 2011<br>Time: 1:30 p.m.<br>Court: 12 |
| ANKA BEHAVIORAL HEALTH, INC., a California Corporation, ) ) ) | Before the Honorable Thelton E. Henderson |
| Defendant. ) ) ) ) ) ) | |

4825-9713-6393.1

JOINT CASE MANAGEMENT STATEMENT – Case No. 3:10-cv-03914-TEH

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## I.     JURISDICTION AND SERVICE

<u>Subject Matter Jurisdiction</u>: The parties agree that this court has subject matter jurisdiction over Plaintiff JULIE CARLSON'S claims in this case.

<u>Personal Jurisdiction and Venue</u>:  The parties agree that this court has personal jurisdiction and is the proper venue for this case.

<u>Parties Remaining to be Served and Deadlines</u>: All parties have been served.

## II.    FACTS

This is a wage and hour class action is brought by Plaintiff JULIE CARLSON (hereinafter "CARLSON" or "Plaintiff") on behalf of a class of similarly situated individuals against Defendant ANKA BEHAVIORAL HEALTH, INC. (hereinafter "ANKA" or "Defendant").  The initial Complaint in this action was filed by Plaintiff, Verda Nix on September 1, 2010.  A First Amended Complaint was filed on February 16, 2011 substituting CARLSON in place of Verda Nix. Defendant's waiver of service was filed on February 28, 2011. A Second Amended Complaint was filed on May 24, 2011 adding a PAGA cause of action.  Anka's response to the Second Amended Complaint is due on or before June 14, 2011.

ANKA is a California non-profit corporation that contracts with local and state governmental agencies to operate crisis residential programs throughout California, including but not limited to Alameda, Contra Costa, Placer, Sacramento, San Joaquin, Solano, Fresno, Los Angeles, Riverside, San Bernardino, San Diego, Ventura counties, that serve the indigent and/or homeless developmentally disabled and mentally ill population who are experiencing a psychiatric emergency or behavioral crisis. ANKA employed Plaintiff between August 4, 2009 and June 3, 2010 as a full-time, non-exempt, billing specialist at its corporate headquarters, located at 1850 Gateway Blvd., Concord, California.

The complaint alleges a failure by ANKA to pay its California non-exempt employees, including Plaintiff and the Class, in conformance with federal and California law. The core violations alleged herein are: (1) failure to pay all overtime wages owed; (2) failure to provide accurate itemized wage statements; and (3) failure to keep accurate time and payroll records. These practices constitute violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the California Labor Code.

ANKA contends that:

a. CARLSON was properly compensated for all hours worked;
b. CARLSON is not an adequate class representative;
c. No class exists;
d. The claims against ANKA were released;
e. The overtime claims were investigated and collected by the Department of Labor Standards Enforcement and thus, barred by res judicata ;
f. The PAGA claim is barred by collateral estoppel/res judicata.

Plaintiff contends that the following factual allegations are in dispute:

a. whether Defendant failed to pay overtime wages;
b. whether Defendant failed to pay all wages due upon termination;
c. whether Defendant failed to provide accurate itemized wage statements;
d. whether Defendant failed to maintain accurate and complete employment records for Plaintiff and the Class

### III. LEGAL ISSUES

Plaintiff contends that the following are the principal legal issues in dispute:

a. whether overtime was properly calculated and paid pursuant to federal and state law;
b. whether Defendant's wage statements for the class comply with the California Labor Code requirements;

      c.    whether Defendant's actions described in the complaint constitute unfair business practices;

      d.    whether Defendant's actions described in the complaint subject it to penalties provided for by the California Labor Code Private Attorneys General Act, Labor Code § 2698, et seq.

      d.    the remedies appropriate for any violations.

Defendant contends that the following are additional legal issues in dispute:

      a.    whether CARLSON is an adequate class representative;

      b.    whether CARLSON's counsel is adequate to represent the action on behalf of the class;

      c.    whether there is an identifiable class (ascertainability);

      d.    whether the proposed class is so numerous that joinder of all parties is impracticable;

      e.    whether there are questions of law and/or fact common to the entire class;

      f.    whether the unlawful employment practices alleged by CARLSON affect only a few employees or is genuinely one having a classwide impact;

      g.    whether the employment practices affecting the putative class were uniform or diverse;

      h.    the degree of probability that similar conditions prevailed throughout the relevant period;

      i.    whether the claims and defenses of CARLSON are typical of the claims and defenses of the class;

      j.    whether the claims are barred by res judicata/collateral estoppel;

      k.    whether the claims are barred by 2699(h);

      l.    whether questions of law or fact common to class members predominate over any questions affecting only individual members;

      m.    whether class action is superior to other available methods for fairly and efficiently adjudication of the controversy;

          n.      whether the claims are barred by the statute of limitations;

          o      whether ANKA's acts were willful.

There are no motions on docket. The parties expect that the normal motions concerning discovery, class certification, motion to decertify, motion for summary adjudication/summary judgment are likely.

## IV. AMENDMENT OF THE PLEADINGS

Plaintiff does not anticipate any further amendments at this time but reserves the right to do so upon further discovery.

## V. EVIDENCE PRESERVATION

The parties have discussed the preservation of evidence. Plaintiff does not control the primary documentary or electronic evidence in this case which is almost exclusively held by Defendant. However, Plaintiff has undertaken steps to preserve all documentary evidence in her possession. Plaintiff has indicated that she is interested in any electronic evidence with respect to ANKA'S (1) payroll, (2) employee schedules, (3) policy documents, (4) signed documents and (3) e-mails in connection with the claims in this action.

## VI. DISCLOSURES

The parties agree to exchange initial disclosures on a date to be determined, but after the Court rules on the issue of class certification. The parties will make their respective initial disclosures in accordance with Rule 26.

## VII. DISCOVERY

The parties have not commenced discovery, as ANKA has not yet filed a response to CARLSON's Second Amended Complaint. The parties are discussing early mediation and the possibility of preliminary informal discovery to facilitate early mediation.

## VIII. CLASS ACTION

The parties propose that the matter be set for a continued case management conference in 120 days to allow the parties time to complete mediation. In the event that the parties are unable to settle this action through mediation, the parties request the Court set dates pertinent to class certification at the continued case management conference.

## IX. RELATED CASES

The within action involves a material part of the same subject matter and substantially the same parties as an action which is pending in the Riverside County Superior Court of California and an action which is pending with the State of California Department of Industrial Relations Division of Labor Standards Enforcement.

**(1) Title and Venue of Other Actions or Proceedings:**

(a) *Alicia Mendoza Garcia v. Anka Behavioral Health, Inc.*, Riverside County Superior Court of California Case No. RIC525473, filed on April 20, 2009, in Department 1, located at 4050 Main Street, Riverside, California 90017;

(b) State of California Department of Industrial Relations Division of Labor Standards Enforcement, Case No. 35-95243-556

**(2) Description of Other Actions or Proceedings:**

(a) *Garcia v Anka Behavioral Health, Inc.*:

In *Garcia v Anka Behavioral Health, Inc.,* Plaintiff, Alicia Mendoza Garcia ("Garcia"), filed an action on April 20, 2009. In Garcia's Second Amended Complaint, she alleged 18 employment-related causes of action, including a representative action under Labor Code section 2699, et seq., seeking civil penalties, interest and attorney's fees and costs, under the Private Attorney General Act ("PAGA") on behalf of herself and Anka's current and former "aggrieved-

employees" for alleged "violations of California Labor Code sections 201, 202, 203, 226.7, 510, 512, 1194 and 1199," between April 20, 2006 to the present. On June 10, 2011, the parties entered into a settlement, which is in the process of being finalized and approved by the Riverside County Superior Court.

    (b)   *State of California Department of Industrial Relations Division of Labor Standards Enforcement Case No. 35-95243-556:*

The State of California is also pursuing an action against Anka to collect unpaid overtime wages for the period between July 1, 2007 and June 30, 2010, and it has reached a tentative settlement with Anka which is also in the process of being finalized.

**(3) Plaintiff, Julie Carlson's Claims are Duplicative and Statutorily Barred:**

In the action presently pending before this court in *Carlson v. Anka Behavioral Health, Inc.*, U.S. District Court, California Northern District, Case No. 3:10-cv-03914-TEH, originally filed on September 1, 2010, CARLSON also seeks to bring a class action complaint on behalf of "all non-exempt persons who are or have been employed by [Anka] in the State of California…" for five causes of action, including two causes of action for Failure to Pay Overtime Wages, and she intends to amend her Complaint to seek PAGA penalties, interest and attorney's fees and costs. Carlson's causes of action for unpaid overtime wages is barred by Labor Code section 2699(h), because these wages are already being pursued by the State of California Department of Industrial Relations Division of Labor Standards Enforcement in Case No. 35-95243-556. Additionally, CARLSON is precluded from seeking PAGA penalties by Labor Code section 2699(g)(1) and the California Supreme Court's holding in *Arias v. San Joaquin County* (2009) 46 Cal.4th 969, 985-986, as another aggrieved employee, Garcia, has already instituted a representative action on behalf of all "aggrieved employees" for PAGA penalties, interest and attorney's fees and costs in Riverside Superior Court Case No. RIC525473 for the period from April 20, 2006 to the present.

**X.    RELIEF SOUGHT**

At this time, Plaintiff does not have the necessary data to calculate damages or penalties. Once Plaintiff obtains documentary evidence from Defendants they can provide a damage estimate. However, Plaintiff estimates that the damages are likely to be thousands or tens of thousands of dollars per year per employee. Plaintiff estimates that the total number of employees in the class is likely to exceed 1000. ANKA disputes the class size, if one is even ascertainable.

ANKA seeks dismissal of the action and the recovery of costs and attorneys' fees.

## XI. APPROPRIATE ADR MECHANISMS

The parties are negotiating over the terms of an early mediation, and are in the process of selecting an appropriate mediator

## XII. CONSENT TO MAGISTRATE JUDGE

Defendant does not consent to the use of a Magistrate Judge. Plaintiff would also like to proceed before Honorable Judge Henderson.

## XIII. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

The parties have not yet narrowed any issues.

## XV. EXPEDITED SCHEDULE

Because Plaintiff has alleged a class action, this cannot be handled on an expedited basis.

## XVI. SCHEDULING

The parties wish to avoid the setting of dates at this conference in favor of attempting to

resolve this case in mediation. The parties request a continued case management conference be set in 120 days.

## XVII. TRIAL

A jury trial has been requested by Plaintiff. The parties believe that they cannot estimate the length of the trial until after the class issues have been decided.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are not aware of any non-party interested entities or persons.

## XIX. OTHER MATTERS

The Parties request that this case management conference be continued 120 daysso that they may attempt early mediation.

                            MALLISON & MARTINEZ

                            By: /s/ Hector R. Martinez
                                  Hector R. Martinez
                                  Attorneys for Plaintiff JULIE CARLSON

                            LEWIS, BRISBOIS, BISGAARD & SMITH LLP

                            By: /s/ Nicole A. Bolson
                                  Nicole A. Bolson
                                  Attorneys for DEFENDANT
                                  ANKA BEHAVIORAL HEALTH, INC.