IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIE CARLSON,

              Plaintiff,

v.

ANKA BEHAVIORAL HEALTH, INC.,

              Defendant.

NO. C10-3914 TEH

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

This matter comes before the Court on Plaintiff Julie Carlson's motion to amend the complaint to add Robert Stark as a second putative class representative or, in the alternative, to allow Stark to intervene. After carefully reviewing the parties' written arguments, the Court finds oral argument to be unnecessary and now VACATES the hearing scheduled for June 18, 2012. Carlson's motion to amend is GRANTED for the reasons discussed below.

**BACKGROUND**

This putative class action was originally filed on September 1, 2010, by Verdia Nix against Defendant Anka Behavioral Health, Inc. Nix subsequently settled her claims with Anka. The first amended complaint, filed on February 16, 2011, as a matter of right, *see* Fed. R. Civ. P. 15(a)(1), substituted Carlson as the class representative. After obtaining leave from this Court without opposition from Anka, Carlson filed the second amended complaint ("SAC") on May 24, 2011, to add a newly exhausted claim under California's Private Attorneys General Act, California Labor Code §§ 2698 *et seq.*

The "core violations" alleged in the now-operative SAC are: "(1) failure to pay all overtime wages owed; (2) failure to provide accurate itemized wage statements; and (3) failure to keep accurate time and payroll records." SAC ¶ 5. Carlson seeks to represent

the following class: "All non-exempt persons who are or have been employed by DEFENDANT in the State of California and who, within four (4) years of the filing of this Complaint, have worked as hourly and/or piece-rate employees." *Id.* ¶ 16. She also seeks to represent a similar opt-in class under the Fair Labor Standards Act, with a three- rather than four-year time limitation. *Id.* ¶ 17.

Carlson worked as an accounts receivable billing specialist and payroll assistant at Anka from August 2009 to June 2010. Jan. 19, 2012 Carlson Decl. ¶ 2 (Docket No. 63-11). Anka has consistently challenged Carlson's ability to represent the class because she was an administrative rather than healthcare worker. Carlson claims that she only became aware of Anka's concerns in December 2011, Mot. at 7, but the record establishes that Carlson was aware of the concerns at least as early as April 18, 2011. *See* Apr. 18, 2011 email from Bolson to Mallison at 2 (Ex. A to Bolson Decl.) ("[Carlson] will be unable to demonstrate typicality and commonality as she worked in an administrative capacity with eight hour shifts whereas most of the proposed company-wide non-exempt 'class' were direct care providers and worked shifts in excess of eight hours.").[1]

Carlson now seeks to add Stark as a second named representative of the putative class. Stark worked as a mental health rehabilitation specialist – i.e., a healthcare rather than administrative worker – at Anka from October 2008 to July 2010. Jan.17, 2012 Stark Decl. ¶ 2 (Docket No. 63-5). Carlson maintains that she is an adequate class representative because "the policy and practice of intentionally denying payment of premium overtime wages was applied against all non-exempt administrative and health care workers," and both types of workers "share[] a common nucleus of facts and legal issues." Mot. at 5. Nonetheless, she now seeks to add Stark to "avoid a scenario in which a later amendment would be necessary if the Court agrees with Defendant's arguement [sic]" that Carlson cannot represent the class. *Id.*

---

[1] Anka's counsel also declares that she drafted two letters "to Plaintiff's counsel identifying the issues with Plaintiff Carlson serving as a named class representative" on March 15 and 22, 2011, Bolson Decl. ¶ 2, but she does not say when or whether these letters were sent.

2

**LEGAL STANDARD**

Carlson seeks leave to amend under Federal Rule of Civil Procedure 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In deciding whether to grant leave to amend, a court considers the following factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Of these factors, prejudice to the opposing party "carries the greatest weight." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). All inferences should be drawn "in favor of granting the motion," *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999), and "the nonmoving party bears the burden of demonstrating why leave to amend should not be granted," *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

**DISCUSSION**

Anka does not argue that adding Stark would be futile, that Carlson's motion should be denied because she has twice previously amended her complaint, or that the amendment is being sought in bad faith. The only factors raised by Anka in its opposition are delay and prejudice.

First, Anka asserts that the delay in seeking to add a second class representative is egregious since Carlson has been on notice for fourteen months that Anka did not believe Carlson was a suitable class representative. However, Carlson continues to believe that she is an adequate representative, and this Court has had no occasion to decide which party has the better position on this issue. Nor is the answer clear from the record before the Court at this time. Contrary to Anka's contention, its raising of potential issues that might prove problematic to Carlson's case does not require Carlson to engage immediately in efforts to amend the complaint.

1    In addition, although this case was filed in September 2010, it remains at an early
2 procedural stage. With the assistance of a special master, the parties are still exchanging
3 discovery necessary for them to engage meaningfully in the early settlement conference that
4 both parties have requested. The parties have repeatedly agreed to continue case
5 management conferences pending completion of the settlement conference, which has now
6 been continued to July 31, 2012. The Court has not set a deadline for filing a motion for
7 class certification, a discovery cut-off date, a dispositive motion deadline, or trial date.
8 Under these circumstances, Carlson's motion is not untimely.

9    Plaintiff's counsel assert, but do not declare under oath, that they first contacted Stark
10 in January 2012, Mot. at 7, and that Stark did not express interest in becoming a class
11 representative until "a few months later," Reply at 5. The Court would ordinarily require
12 counsel to submit evidence on these issues but does not do so in this instance because these
13 facts are not dispositive. The Court does not find undue delay where, as here, Carlson seeks
14 leave to amend as a preemptive measure, in case the Court ultimately agrees with Anka's
15 position on Carlson's suitability to serve as a class representative; the parties are engaged
16 only in pre-settlement discovery; and the Court has not set any discovery cut-off dates, class
17 certification deadlines, or trial dates.

18    Anka also argues that adding Stark as a second class representative would unfairly
19 prejudice Anka by "drastically alter[ing] the nature of the litigation, which would force
20 Anka, at a late hour, to implement an entirely new course of defense." Opp'n at 7. This
21 grossly overstates both the stage of these proceedings, as discussed above, and the impact of
22 the proposed amendment. The Court has compared the proposed third amended complaint
23 with the second amended complaint, and the only difference is the addition of Stark, an
24 undisputed member of the putative class, as a representative plaintiff. All factual allegations
25 and causes of action, as well as the proposed class definition, are otherwise identical, and
26 Stark does not seek to assert any claims beyond those that are included in the SAC. The
27 Court does not find any undue prejudice under these circumstances. *See, e.g., McConnell v.*
28 *Red Robin Int'l, Inc.*, Case No. C11-3026 WHA, 2012 WL 1357616, at *2 (N.D. Cal. Apr.

4

17, 2012) ("This Court is not convinced that the addition of one named class plaintiff, four months before non-expert discovery ends, six months before the deadline for dispositive motions occurs, and nine months before trial is set to begin, will result in the sort of undue prejudice defendant contends is likely to occur."). Indeed, Anka has failed to cite any authority, and this Court is aware of none, where a court denied leave to amend to add a class representative at such an early stage of the proceedings.

**CONCLUSION**

For the above reasons, Carlson's motion to amend is GRANTED. The third amended complaint shall be filed on or before **June 22, 2012.** Stark's alternative motion to intervene is DENIED as moot.

**IT IS SO ORDERED.**

Dated: 06/14/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT