IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CARLSON and ROBERT STARK,<br><br>Plaintiffs,<br><br>v.<br><br>ANKA BEHAVIORAL HEALTH, INC.,<br><br>Defendant. | NO. C10-3914 TEH<br><br><u>ORDER FOR SUPPLEMENTAL BRIEFING AND ORDER CONTINUING HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u> |

This matter is scheduled for hearing on Plaintiffs' unopposed motion for preliminary approval of class action settlement on November 19, 2012. After reviewing the papers, the Court has serious questions, including the following, about the proposed settlement:

1. How can the Court evaluate the proposed settlement when the parties have presented no estimation of the value of Plaintiffs' claims if they were to prevail at trial?

2. What evidence or calculations support counsel's assertion that the approximately 200 workers making up "the core of the settlement class," Mallison Decl. ¶ 32, are expected to receive as much as "several thousand dollars per employee," Mot. at 9?

3. If the remaining approximately 80% of the estimated 1000 class members receive only approximately one hundred dollars on average, is the proposed settlement fair to them?

4. Why is it reasonable for class members to wait up to two years to receive a settlement check? If it is reasonable to wait that long, how will the order of distribution be decided? Will counsel receive any payments, and will the proposed class representatives receive their proposed incentive payments, before all settlement shares have been distributed?

5. Is it overbroad to require the release of all claims that "could have been pled," Settlement at 9 (Ex. 1 to Mallison Decl.)? Likewise, does the release violate the Fair Labor Standards Act, which allows only for opt-in collective actions under 29 U.S.C. § 216(b)?

6. The proposed timeline runs afoul of the requirement that class members must have an adequate opportunity to evaluate Plaintiffs' motion for attorneys' fees before the deadline for filing objections. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010).

7. The class notice should not be on pleading paper, nor should it bear the signature of the Court. As written, it also appears to contain too much legalese to be comprehensible to the average class member.

8. Has Defendant complied with the notice requirements of 28 U.S.C. § 1715(b)?

The parties shall address these issues in a joint filing to be submitted on or before **November 26, 2012**. The November 19, 2012 hearing is continued to **December 10, 2012, at 10:00 AM**. If, as a result of conferring on the Court's questions, the parties decide to renegotiate the proposed settlement, then Plaintiffs shall file a notice withdrawing their motion for preliminary approval. Such withdrawal would be without prejudice to filing a subsequent motion for approval of a different settlement agreement.

**IT IS SO ORDERED.**

Dated: 11/14/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2