IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIE CARLSON and ROBERT STARK,

                Plaintiffs,

v.

ANKA BEHAVIORAL HEALTH, INC.,

                Defendant.

NO. C10-3914 TEH

ORDER GRANTING PLAINTIFFS' SECOND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

      Plaintiffs originally sought preliminary approval of a class action settlement on October 12, 2012. The Court issued an order raising serious questions about the proposed settlement on November 14, 2012, and Plaintiffs subsequently withdrew their motion.

      This matter now comes before the Court on Plaintiffs' second motion for preliminary approval of the class action settlement agreement ("Agreement"), which is attached as Exhibit 1 to the Declaration of Stan Mallison filed on December 14, 2012. Defendant does not oppose the motion. After carefully considering the written record, the Court is satisfied that the proposed settlement meets the requirements for preliminary approval and VACATES the hearing scheduled for January 28, 2013. With good cause appearing, IT IS HEREBY ORDERED that:

      1.    Capitalized terms used in this order shall have the same meaning as set forth in the Agreement.

      2.    The proposed settlement class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and the following Class is certified solely for the purposes of the Settlement: All non-exempt persons who are or have been employed by Defendant in the State of California and who worked as hourly and/or piece rate employees at any time between August 30, 2006, and July 31, 2012.

3. The Court preliminarily approves the Settlement as fair, adequate, reasonable, and within the range of possible approval, subject to further consideration at the Final Approval Hearing as set forth below in paragraph 10. It appears that the Agreement was negotiated at arm's length and is not the product of collusion.

4. Plaintiffs Julie Carlson and Robert Stark are appointed as Class Representatives.

5. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g), the Court appoints Stan S. Mallison, Hector R. Martinez, Marco A. Palau, and Joseph D. Sutton of the Law Offices of Mallison & Martinez as Class Counsel.

6. CPT Group, Inc. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

7. The Court finds that the Agreement's plan to provide notice to the Class constitutes the best notice practicable under the circumstances. The parties' proposed form of the Class Notice Packet, which is attached as Exhibits 2 through 4 of the Mallison Declaration, is approved subject to the following corrections[1]:

Class Notice

a. On page 2, "Texas Roadhouse" should be "Anka Behavioral Health, Inc."

b. The section numbering should be corrected. The table of contents on page 2 skips section 12, while the actual text of the document skips section 28. The parties must ensure that all internal references refer to correct section numbers.

c. Formatting should be consistent throughout the document. Thus, for example, section headings should either all be underlined or all not underlined. Likewise, capitalization of terms should be consistent; references to "Defendant" or "Defendants" should be replaced by "Anka"; references to "attorney's fees" should be replaced by "attorneys' fees"; and, pursuant to the Agreement, the final approval hearing should be consistently referred to as the "Final Approval Hearing."

---

[1] The Court has never before had to make so many typographical or formatting corrections to a proposed form of class notice. Assuming that counsel intends to continue litigating class actions, they must be more careful when drafting class notices or other documents to be submitted for judicial review.

2

     d. Headings should not appear at the bottom of a page with no text attached.

     e. In the first paragraph on page 5, "Class Member"s" should be "Class Member's."

     f. In the second paragraph on page 5, "PAGA" should be defined. Also, "class representative" should be plural, and "(See section 20-25 below)" should be "(See sections 19-24 below.)."

     g. On page 5, the heading should be "WHO IS IN THE CLASS?" and not "WHO IS IN CLASS?"

     h. On page 8, the following changes should be made: "Class Member" should be "Class Members" in the first line. In the second line, "release" should be "released," and "claims" should be inserted between "any" and "under." "August 20" should be corrected to "August 30."

     i. On page 9, the last sentence should be changed to: "Anka will not oppose Class Counsel's request for these amounts, but you may object to the request for attorneys' fees as described in section 28 below."

     j. On page 9, the phone and fax numbers for the Settlement Administrator should be listed in sentence form.

     k. On page 9, the Final Approval Hearing will be held in "Courtroom 2," not "Courtroom 12."

     l. References to submitting comments in support of the Settlement should be removed. Class Members who wish to submit favorable commentary may do so through Class Counsel and need not file their comments with the Court.

     m. On page 10, the proposed Class Notice states that, "If the Court rejects your objection, however, you will still be bound by the terms of the settlement, unless you also submit an election not to participate." This is misleading because, as indicated elsewhere in the Class Notice, Class Members may not both object and opt out. In addition, objections should be presented in writing. The Court suggests modifying this paragraph to read: "You may object to the terms of the Settlement before the Final Approval Hearing by sending a

written objection to the Court and to counsel at the addresses shown below. You may include with your objection a notice of intent to appear at the Final Approval Hearing if you want to address the Court in person or through an attorney. If the Court rejects your objection, you will still be bound by the terms of the Settlement. If you want to avoid being bound by the Settlement, you must submit an Opt-Out form. You cannot both submit an Opt-Out form and send a written objection."

Claim Form

n. At the bottom of page 1, it should be "a non-exempt worker" not "an non-exempt worker."

o. Near the middle of page 2, it should be "August 30" rather than "August 31," and there is an extra closing parenthesis after "time period."

p. At the bottom of page 2, there is no need for both a closing parenthesis and a comma after "(including any corrections I have made)."

q. On page 3, "of the" should be inserted between "Section 17" and "Class Notice."

8. The parties or Settlement Administrator shall promptly prepare a version of the Class Notice Packet that corrects the above issues, as well as any grammatical or typographical errors subsequently identified by the parties or Settlement Administrator. The dates contained in the Class Notice Packet must be consistent with this order.

9. The dates and deadlines in the Agreement are adopted as an order of this Court, except for the following modifications:

a. Plaintiffs shall file a motion for attorneys' fees and costs and payment of incentive awards to the Class Representatives on or before **April 1, 2013**.

b. Class Members shall have until **May 6, 2013**, to object to the Settlement, including Class Counsel's request for attorneys' fees and the Class Representatives' request for incentive payments. This deadline will not affect the agreed-upon deadlines for Class Members to submit Claim Forms or Elections Not to Participate in Settlement.

4

  c. Plaintiffs shall file a motion for judgment and final approval of the Settlement, as well as any supplemental briefing in support of their motion for attorneys' fees and costs and payment of incentive awards, on or before **May 20, 2013**. The motion papers shall include the parties' responses to any objections. Counsel shall also include a declaration setting forth the number of Class Members who opted out of the Class.

  d. In preparing the motion for final approval, Plaintiffs shall confer with Defendant. The Court does not contemplate the need for a separate submission by Defendant, but if Defendant wishes to submit any additional information, it must do so on or before **May 28, 2013**.

  10. The Final Approval Hearing will be held on **June 10, 2013, at 10:00 AM**. At that hearing, the Court will consider whether to grant final approval of the Settlement and will also consider Plaintiffs' request for attorneys' fees and costs and incentive payments to the Class Representatives. Any Class Member who submits a timely written objection may appear at the Final Approval Hearing in person or by his or her own attorney.

  11. The Court may continue the date of the Final Approval Hearing without further notice to Class Members.

**IT IS SO ORDERED.**

Dated: 01/24/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5